UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHARLIE LEWIS, | Case No. 13-CV-2768 (PJS/JJK) |
| Petitioner, | |
| v. | ORDER |
| MICHELLE SMITH, Warden, | |
| Respondent. | |

Charlie Lewis, pro se.

Linda M. Freyer, HENNEPIN COUNTY ATTORNEY'S OFFICE; Matthew Frank and James B. Early, MINNESOTA ATTORNEY GENERAL'S OFFICE, for respondent.

Petitioner Charlie Lewis was convicted by a jury in state court of one count of first-degree criminal sexual conduct and sentenced to 240 months' imprisonment. *See State v. Lewis*, 2013 WL 3368431, at *3 (Minn. Ct. App. July 8, 2013), *review denied* (Sept. 17, 2013). Lewis's sentence reflected an upward departure from a 146-month presumptive sentence; the departure was based on the jury's finding that the sexual assault involved multiple forms of penetration. *Id.* Lewis's conviction was affirmed on direct appeal. *Id.* at *8. Lewis then brought this federal habeas action under 28 U.S.C. § 2254.

This matter is before the Court on Lewis's objection to the May 13, 2014 Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes. Judge Keyes

recommends that Lewis's petition be denied. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court agrees with Judge Keyes's analysis and adopts the R&R. Only two of the issues addressed in the R&R merit comment:

*First*, Lewis claims that he did not receive the external chain-of-custody report for the DNA test of the victim, M.L.[1] On direct appeal, the Minnesota Court of Appeals noted that Lewis had challenged the government's failure to provide him with "various documents," but the Court of Appeals said that Lewis had not specifically identified those documents in his pro se supplemental brief. *Lewis*, 2013 WL 3368431, at *6. The Court of Appeals held that, "[w]ithout a more detailed explanation of the documents that Lewis now contends were unavailable, the record does not support his argument that discovery was flawed." *Id.* The R&R concluded that, because Lewis had failed to adequately present this claim on direct appeal, the claim was now procedurally defaulted. R&R at 16–17. Lewis objects that he did, in fact, specifically identify the external chain-of-custody report in his pro se supplemental brief to the Minnesota Court of Appeals. ECF No. 18-1 at 2. Lewis appears to be correct [ECF No. 1-1 at 30], but he is still not entitled to habeas relief.

---

[1] The "external" chain-of-custody report refers to the chain-of-custody report generated during the time the DNA sample was stored in the police property room, before it arrived at the crime lab. ECF No. 10-2 at 266–68.

To establish that exculpatory evidence was withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), Lewis must show that "(1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant; and (3) the evidence was material." *United States v. Spencer*, 753 F.3d 746, 748 (8th Cir. 2014) (quoting *United States v. Keltner*, 147 F.3d 662, 673 (8th Cir. 1998)). Lewis has shown neither that the external chain-of-custody report was suppressed nor that it was favorable to him.

"Evidence is not suppressed if the defendant has access to the evidence prior to trial by the exercise of reasonable diligence." *United States v. Deavault*, 190 F.3d 926, 929 (8th Cir. 1999) (quoting *United States v. Stuart*, 150 F.3d 935, 937 (8th Cir. 1998)) (holding that surveillance tapes had not been suppressed because the government had provided police reports that revealed the existence of the tapes); *see also United States v. Ladoucer*, 573 F.3d 628, 636 (8th Cir. 2009) (holding that the transcript of a witness's testimony in an unrelated case had not been suppressed because the defendant was aware of the testimony, questioned the witness about the case on cross-examination, and tried to offer evidence about the case). Lewis had in his possession the police reports and the crime-lab DNA case file. ECF No. 10 at 11–13, 63–64, 82–83. There was at least one reference in these documents to the existence of a chain-of-custody report. *See* ECF No. 1-1 at 47. Further, the defense expert testified that he did not receive the external chain-of-custody report, and he was questioned extensively about the chain of custody of the

victim's DNA sample. ECF No. 10-2 at 266–67. Finally, a detective with the Hennepin County Sheriff's Office testified that he brought the sexual-assault kit with the victim's DNA from the police property room to the crime lab and that the Minneapolis Police Department would have chain-of-custody documentation from the property room. ECF No. 10-2 at 58.

In short, Lewis knew before and during trial that there existed an external chain-of-custody report, that he did not have a copy of it, and that he could get a copy from the Minneapolis Police Department. Lewis suggests no reason why he could not have obtained this report through "the exercise of reasonable diligence." *Deavault*, 190 F.3d at 929. Nothing in the record indicates that Lewis requested this report from the government, much less that the government refused such a request.

In addition, Lewis has provided no reason to believe that the external chain-of-custody report constituted "evidence [that] was favorable to the defendant." *Spencer*, 753 F.3d at 748. Nothing in the record establishes that the report would have assisted Lewis's defense in any way. In sum, Lewis's *Brady* claim fails because the government did not suppress the external chain-of-custody report and because there is no reason to believe that the report was favorable to Lewis.

*Second*, Lewis argues that the upward departure to his sentence for multiple forms of penetration was unconstitutional. ECF No. 18-1 at 1. A sentencing jury found

that the government had proven beyond a reasonable doubt that Lewis had engaged in multiple forms of penetration. *Lewis*, 2013 WL 3368431, at *3. But, Lewis argues, the judge was barred from using this finding to sentence Lewis above the presumptive sentence because the indictment did not charge that Lewis had engaged in multiple forms of penetration. ECF No. 18-1 at 1.

It is true that in *federal* court, "any fact (other than prior conviction) that increases the maximum penalty for a crime *must be charged in an indictment*, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000) (emphasis added) (quoting *Jones v. United States*, 526 U.S. 227 (1999)). But that is because the Grand Jury Clause of the Fifth Amendment applies to the federal government. Unfortunately for Lewis, that Clause does not apply to the states. *See McDonald v. City of Chicago*, 561 U.S. 742, 784 n.30 (2010) (". . . [T]he Grand Jury Clause of the Fifth Amendment . . . do[es] not apply to the States. *See Hurtado v. California*, 110 U.S. 516 (1884) . . . . As a result of *Hurtado*, most States do not require a grand jury indictment in all felony cases, and many have no grand juries."). Obviously, then, no clearly established federal law requires that facts that increase the maximum penalty for a crime charged in *state* court be alleged in an indictment.

To the extent that Lewis is making a due-process claim that he was deprived of reasonable notice of the state's intent to prove multiple forms of penetration, his claim is

meritless. "Due process requirements may be satisfied if a defendant receives *actual notice* of the charges against him, even if the indictment or information is deficient." *Hulstine v. Morris*, 819 F.2d 861, 864 (8th Cir. 1987). The Minnesota Court of Appeals found that due process was satisfied because the state filed a notice of its intent to seek an upward departure based on multiple forms of penetration more than six months before the start of trial. *Lewis*, 2013 WL 3368431, at *6. In his objection, Lewis does not dispute that he knew long before trial that the state would seek to prove that he engaged in multiple forms of penetration. The decision of the Minnesota Court of Appeals was neither contrary to clearly established federal law nor based on an unreasonable determination of fact. For these reasons, Lewis's claim fails.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES petitioner's objection [ECF No. 18] and ADOPTS the May 13, 2014 R&R [ECF No. 17]. IT IS HEREBY ORDERED THAT:

1. Petitioner's 28 U.S.C. § 2254 petition is DENIED.
2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  December 19, 2014	 s/Patrick J. Schiltz  
	Patrick J. Schiltz  
	United States District Judge